# Court of Appeals
# of the State of Georgia

ATLANTA, July 10, 2026

*The Court of Appeals hereby passes the following order:*

### A26D0592. TURANAKA HUMBLES v. OXFORD TH PARTNERS LLC DBA OXFORD TOWNHOMES.

In this dispossessory action, on May 18, 2026, the magistrate court issued a money judgment and writ of possession, to be executed no fewer than seven days later. The defendant, Turanaka Humbles, filed this application for discretionary review in this Court on June 17, 2026. We, however, lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023); see also OCGA § 5-3-4(a) (providing that state and superior courts have appellate jurisdiction over final judgments of lower judicatories). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See, e.g., *Westwind Corp. v. Washington Federal Savings & Loan Ass'n*, 195 Ga. App. 411, 411(1) (393 SE2d 479) (1990); *Baker v. G. T., Ltd.*, 194 Ga. App. 450, 451(3) (391 SE2d 1) (1990). But under the Georgia Constitution, "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b). Thus, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court.

Here, however, Humbles's application is untimely because it was filed more than seven days after the entry of the magistrate court's judgment. See OCGA § 44-7-56(b)(1); *Stubbs v. Local Homes, LLC*, 375 Ga. App. 513, 516–17 (915 SE2d 91) (2025); *Radio Sandy Springs v. Allen Road Joint Venture*, 311 Ga. App. 334, 335–36 (715 SE2d 752) (2011). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Accordingly, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, the application is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 07/10/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] Humbles's application indicates that the order was submitted on May 18, 2026. The order Humbles submitted to this Court bears a barely legible date that appears to confirm that the order was signed on May 18, 2026, but it does not contain a file-stamp from the magistrate court clerk's office. Under Court of Appeals Rule 31(c), discretionary applications "must contain a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought." On June 17, 2026, this Court ordered Humbles to submit a stamped "filed" copy of the magistrate court's order within ten days and warned her that failure to do so would result in the dismissal of her application. As of today, Humbles still has not submitted the required order. Humbles' failure to comply with our June 17 order presents an independent basis for dismissing this application.